Good morning, Richard Levy for the Appellant Farmer. This is a child pornography case dealing with a prior. I'd like to first address the 28J letter by the government relying on the Strickland case. Strickland has nothing to do with this case. In Strickland, the sole contested issue was the modified categorical method, whether a particular clerk-prepared document could support proving up the prior. The government conceded in Strickland that the pure categorical approach did not apply. So the fact that this Court happened to cite a general principle in citing scenarios as a prelude to the contested issue of the modified categorical cannot demonstrate that Strickland held that scenarios is still good law on our issue. The cases, this circuit's cases, say over and over that a mere statement of law that is a prelude to the contested issue is not binding precedent. And in Strickland, because of the government's concession, the only contested issue was the modified categorical. Nothing to do here with this case. And, yeah. What happens if we apply scenarios to your client? Then I lose. Okay. I can see that. So tell us why you think that scenarios has been overturned. Scenarios has been overturned because Estrada Espinoza says that if there is a Federal statute or series of statutes that fits in with that supplies the meaning, then the Court must look to that Federal statute or statutes for the definition of the prior, not come up with its own. Then how do you deal with subsequent Ninth Circuit cases that say that's not what the en banc decision says? Medina Villa is an immigration case. Medina Villa did not say the priors are aggravated sexual assault, sexual assault, sexual assault of a minor, all under 2241 to 44. Medina Villa dealt with an immigration statute, the 1101A43, that said, quote, I believe it was murder, rape, or sexual abuse of a minor. Well, it's a criminal case, and it's attempted reentry after deportation. Right. In the border immigration context. But there's no immigration issue as such, and we're dealing here with a sentencing issue. It's exactly the same in terms of sentencing. Right. But there's no need, you're assuming, Judge Clifton, that a phrase in one statute, the 1101A, 8 U.S.C. 1101, has to have the same meaning as a phrase in an entirely different statute. No, actually, that's not what I'm saying. I don't know what I have in my hand. I'm sorry. What I'm saying is that the interpretation of the en banc decision, and I'm already lost on my case names, so I'll look at my notes to make sure I get it right. Well, the en banc decision, which you're relying upon, has not been interpreted that way by our Court. And I start with Medina via. I think Palaio is to the same effect. It is not our approach under the categorical doctrine to look first and only to the Federal definition. As it happened, that's what the en banc court did, but did it in a context that was very different. It was essentially taking a statutory rape statute and trying to find the Federal counterpart. In Medina via or Palaio, there was no Federal obstacle, Federal counterpart. As Medina via said, you can't go to 2243, sexual abuse of a minor, because that would lead to absurd results. That would mean somebody who molested a girl under 12, a child under 12, would not qualify, that would not be a qualifying prior, whereas someone who molested a child who was 13 would be barred, would face a criminal conviction. That would be absurd. So in that context, you can't, there is no Federal statute to use that wouldn't lead to absurd results. We have an entirely different case. We have no absurd results because 2252A applies to, sets forth, enunciates the full panoply, the full scope of Federal sexual offenses. It recites aggravated sexual abuse, sexual abuse, sexual abuse of a minor, all corresponding to 2241, 2242, 2243, 2244. Given that, that unmistakable reference to the Federal statutes in order, word for word, in order, it must have been the legislative intent to refer to those statutes, not to some generic judge-made definition. And under Estrada-Espinosa, if you have that ready-made Federal statute, that's the one you use. And as why, in Estrada-Espinosa, I, we didn't, we didn't overrule any of our prior decisions. We, we didn't overrule scenarios. We didn't overrule other decisions that, that might have, that, that caused us to, to revisit all of this in Medina Villa and Palaio. So what do we, what do we do with that? Well, it, it, it's common to overrule. First, the reason Estrada-Espinosa did not have to explicitly overrule scenarios is because scenarios dealt with 2252A, not the immigration or the, or the criminal reentry. So it would, it's too much to, to expect a court to, to, to address every subject area that might be implicated by its en banc decision and say, beware, that, that decision is in doubt. All that I, so that, so there's no expectation that Estrada-Espinosa would explicitly overrule scenarios. All I'm saying is, looking at Estrada-Espinosa, how it dealt with statutory rape, rejecting the, the government's arguments, the same arguments that were made here. Estrada-Espinosa stands for the principle that if there is a ready-made statute, that's the one you look at. That's the one whose elements have to apply. And that is not the case with H. USC 1101 because you would, it would, as Medina Villa says, you'd lead, that would lead to absurd results if you're just taking that one statute. Then defendants would have a huge loophole. They could molest someone who's 11 rather than someone who's 13. I hear you. You cited Castro in your letter. How do you see Castro applying? Judge Newman, Castro deals with, with, with the subsequent issue. Once it's established that you look at the Federal statutes, 2241 and so on for the definition, then 288A does not, under California law, does not qualify as a prior categorically because it does not require an intentional touching of a specified body, private body part. It requires only a touching of any part of the body with lewd intent or, indeed, as Castro says, not even touching the body. You cannot do that in the national state of Sullivan County.  from being held In this case, is that applied directly to this case? Yes. No, no. It does not, Castro does not support or oppose my position on the original question. The question, well, why does it need a support or oppose? Because it dealt with a crime of violence under the U.S. sentencing guidelines, not 2252A. So it's interpreted a different statute. But in interpreting that statute, it pointed out that you could have lewd conduct under California law without an intentional touching of a private body part. It seems to me the case is about sexual activity, not violence. I'm sorry? It seems to me that it's about sexual activity, not about violence. Yes. Well, sentencing guideline 2L1.12B1A, I believe that is. It takes sexual abuse of a minor and defines it by definition as being a crime of violence. Thank you, Judge Clifton. Yes, that's exactly it. So it is not directly applicable on my threshold issue. Counsel, if we agree with you today, what happens here? Do we remand this for modified categorical approach? That's what I'm asking. I don't want to seem facetious in what I'm going to say, but the government has asked you to apply the modified categorical approach in this case. And, in effect, they've waived their right to go back, whereas I have not. So I think they're asking. Why does that waive their right to go back? Why can't we just deny that and send it back? Oh, you can. You can do that. Right. And that's what I would ask. I don't see that they've waived their right to have it go back. Well, they're asking you to decide the issue in the first instance. But, yeah, the defense would argue for remanding. Okay. Thank you. Thank you, Judge. Thank you. We'll hear from the government. Good morning. Assistant United States Attorney Aaron May on behalf of the United States. District Court correctly applied this Court's decision in Cenarius in ruling that defendant's prior conviction related to sexual abuse. Cenarius is controlling here, and the defendant has conceded that if it is controlling, the district court correctly ruled that his prior conviction related to sexual abuse. And just recently, a few weeks ago, the Court, sitting on Bonk, cited Cenarius, quoted Cenarius, and applied the definition and the methodology of Cenarius in determining whether a prior conviction satisfied 2252A. So, despite the... What is that case? United States v. Strickland, Your Honor. It was the en banc court-decided decision on April 19th. So you're not disputing that Strickland doesn't, by its own terms, its specific holding, doesn't speak to this, but you're citing Strickland's citation and discussion or description of Cenarius. The district court applied Cenarius and the government's position that Cenarius is still good law, but then looking at... And we know that because the en banc court itself then found... Applied the same methodology and affirmatively used that methodology. So I would also rely upon Strickland as well. And when you look at Strickland and what it's... And how it applies it, it defines a term relating to broadly. And so, unlike other statutes where the prior... Has to constitute the generic offense, what Strickland and Cenarius made clear is it's not just prior offenses that constitute sexual abuse, but it's all those offenses relating to it. And that means having some relation to, bearing upon, or association with. And so, whether you use the definitions of sexual abuse that this court has used in Baron Medina, Medina Mea, Medina Via, or even if you use the definition that defendant says should apply, under any application of the term relating to, defendant's prior conviction for lewd and lascivious acts with a 14-year-old constitutes a predicate offense that results in an enhanced sentence. You have to say that in 2252, it's pretty striking that Congress used three terms instead of just using one. And that the three terms are the exact titles of three consecutive statutes in the U.S. Code. That is true. And let me correct that. They aren't exactly the same. The third one is aggravated sexual conduct involving a minor. There is no such provision. It's close, but it's not the same. And then it's the words, what, a reward? Yeah, but if Congress wanted to use the exact same, they could have done it by a code reference. They could have, if you look at the overall structure of the statute, the first part of it deals with the federal provisions, Chapter 109A, Chapter 110, and whatnot. And if it wanted to be clear that it was only limiting to federal offenses or state offenses that are the equivalent to state offenses, which language is used in other contexts repeatedly, it could have done that much more artfully than the way it did now. And when you look back to where this language came about, it was part of a 1998 law, the title of which was the Protection of Children from Sexual Predators Act. And the whole point of the law was to expand the penalties for child predators, especially recidivists like the defendant, where the Congress wasn't trying to narrowly draw the lines around the priors that would result in an enhanced sentence. It was painted with a big brush, and it used the term relating to, and as Strickland just held and the Supreme Court has held in other contexts, relating to encompasses a wide swath of offenses. And when it was doing this, it used these terms because it wanted to bring within it anything that was possibly considered in this realm of categories. And this exact argument was made to the panel in Cenarius. It was considered, and it was rejected. And the Cenarius panel held that the definitions should be defined, sexual abuse should be defined by the generic terms and in parallel to the other contexts where this same language comes up in the sentencing guidelines and in the immigration context. And as Medina-Villa holds, that Estrada-Espinoza does not at all undermine the notion that the parallel construction of the terms should be any different. In fact, Medina-Villa wasn't interpreting 8 U.S.C. 1101. It was actually interpreting a sentencing guidelines statute. And it said there that even though Estrada-Espinoza was an immigration statute case, that Medina-Villa, which was a sentencing guidelines case, that the reasoning is the same because these terms should appear the same. And to take it one step further, if, as I understand the defendant's argument to be, that Medina-Villa doesn't control 2252A because Medina-Villa was dealing with a non-2252A case, that same rationale, if applied to its logical end, would mean that Estrada-Espinoza, which was not a 2252A case, has no bearing upon Cenarius and the decision here. Whereas Strickland, which is a 2252A case, affirmatively cites to Cenarius. And Cenarius, despite rumors to its contrary, to loosely quote Mark Twain, it's the death of its – sorry, I'm butchering. The rumors of its demise have been greatly exaggerated. Thank you, Your Honor. Thank you. And I don't think there's any reason to ever have to get to the modified categorical approach here. This Court has held in Barron-Medina and Medina-Villa and Medina-Meya and other contexts that California Penal Code Section 288, subsection A, categorically constitutes sexual abuse. It's per se abusive to engage in that conduct with someone under the age of 14. And whether the Court follows the definitions set forth in Cenarius, as the government suggests, or even if you follow the definitions that the defendant suggests, it's clearly the defendant's conviction relates to sexual abuse. And if there aren't any further questions, I would submit at this time. Thank you. Thank you, Your Honor. You've used your time, but take one minute, but no more than one minute, for any comments you feel necessary. It's pretty striking. I think that is this case. It's got to be more than a coincidence that the statute exactly – What do we do with the words relating to? Relating to. There are two points to that, Judge Bidey. First, relating to, when you're referring to a specific statute, does not – is not broadening. Rather, it's descriptive. And I cite a lot of statutes in the reply brief where relating to plainly just means That would make a lot more sense if this were a closed system, if we were using relating to to mean other Federal laws. But it's clearly not. We are – these are State laws, which have – which are not – none of this was drawn from some model penal code. So it's not like Congress was drawing from some, you know, common body of law that the States also had. All of a sudden, we've got – we've got, you know, let your imagination run as to what the States have done with their sexual abuse laws. Then the alternative argument is that if – that relating to has to be measured to some extent by the specificity of the object. If you just have some in court crime sexual abuse of a minor, then a lot of things arguably are related to that. Really, any criminal case is related to sexual abuse of a minor, because it's also a criminal case. But when you have the pretty striking reference to a very specific set of Federal statutes saying exactly what is and what isn't, that one kind of touching is enough and one kind isn't, then relating to has to be more narrow. In other words, relating to is relative to the specificity of the statute that it's referring to. Because otherwise, any crime is related to any other crime. And I would also point out that on my first point – 50 more seconds, Judge Clifton – relating to the very title of 2252A is certain activities relating to material constituting or containing child pornography. Now, plainly, relating to there does not have the meaning that the government is applying in the body. It wouldn't make sense. There's no object. So the fact that this body of the statute uses the same – another pretty striking thing – the same term, relating to, suggests that it doesn't – it's not using relating to in the broadening sense, but rather in the descriptive sense, dealing with. Okay. Thank you, Judge Clifton. We thank you. We thank both counsel for your helpful arguments. The case just argued is submitted.
judges: Noonan, Clifton, Bybee